UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID CATLIN, *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-00210-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO COMPEL, MOTION FOR COUNSEL, AND MOTION TO REOPEN DISCOVERY<br><br>ECF Nos. 31, 37, & 38 |

Plaintiff brings this action alleging that the named defendants violated his Eighth Amendment rights by using excessive force against him and by failing to provide adequate medical care after the use of force incident. He also alleges that defendants Kendall and Catlin violated his Equal Protection rights. Now pending are his motion to compel,[1] ECF No. 31, motion for counsel, ECF No. 37, and motion to reopen discovery, ECF No. 38. These motions will be denied.

---

[1] This motion initially sought sanctions as well, but plaintiff agreed to withdraw that request in a separate filing. ECF No. 36.

1

Motion to Compel

Plaintiff has moved to compel production of several items from defendants. First, he seeks unspecified video footage that CDCR allegedly refused to provide. ECF No. 31 at 1. In their opposition, defendants state that on January 31, 2024, they provided him with a viewing of relevant surveillance footage. ECF No. 39 at 1-2. Thus, this issue is resolved.

Second, plaintiff seeks Form-837 reports from defendants Katz and Simmons, which a CDCR counselor has allegedly refused to provide him. ECF No. 31 at 1. Defendants state that those forms were provided concurrently with their opposition to plaintiff's motion to compel. ECF No. 39 at 1-2. This issue is also resolved.

Third, plaintiff seeks the names, CDCR numbers, and locations of certain inmates who are not on his "enemies list." ECF No. 31 at 1. As an initial matter, I find that plaintiff's motion to compel does not adequately explain the specific contours of this information or why it is relevant, necessary, or likely to lead to the discovery of other, relevant information. And defendants have opposed this production, arguing that it is protected under the official information privilege and that its production would compromise the safety of those inmates. ECF No. 39 at 3. I agree with defendants. To sustain this privilege, defendants must provide an affidavit from a knowledgeable official indicating that:

> [T]he agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if the disclosure were made.

*Kelly v. San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987). Defendants have, as required, provided a declaration from T. Feryance, a litigation coordinator and correctional counselor, stating that the information sought would compromise inmate and staff safety, impede cooperation between investigatory staff and inmates, and that there are no effective methods to ensure that plaintiff would keep the information from other inmates. ECF No. 39 at 19-24. They have also, as required, provided a privilege log. *Id.* at 26-28.

2

Finally, plaintiff has moved to compel additional responses to several of his requests for admissions. ECF No. 31 at 4-8. For most of these, however, he has failed to offer any argument as to why defendants' objections are unwarranted. For instance, one request for admission[2] asks, "[h]aven't you been 602 written up before?" *Id.* at 4. Defendant objected, arguing that admission was overly broad, irrelevant, and framed as an interrogatory. *Id.* The motion to compel offers only a scrawl on the margin, asserting that defendant should be made to "answer fully and complete just like he did [in response to request for admission] #3." *Id.* This is insufficient. A party moving to compel must explain why asserted objections are unjustified. *Harris v. Quillen*, No. 1:17-cv-01370-DAD-SAB (PC), 2020 U.S. Dist. LEXIS 99321, 2020 WL 4251069, at *1 (E.D. Cal. June 5, 2020). Plaintiff has failed to do this for any of the requests for admission for which he seeks to compel additional answers. Indeed, for three of the relevant requests, plaintiff has written only that the answers are "false statements." ECF No. 31 at 6-8. I cannot compel defendants to accept plaintiff's version of events.

Plaintiff's motion to compel is denied.

<u>Motion for Reconsideration of Voluntary Counsel</u>

Plaintiff has filed a motion seeking appointment of counsel. ECF No. 37. Attached to the motion is a filing from the Court of Appeals indicating that, in a separate case on appeal, the appellate court found it appropriate to appoint pro bono counsel. *Id.* at 2. Plaintiff explains that he has various mental health issues and that an attorney would help him gather evidence and locate witnesses more effectively. *Id.* at 1. The latter is undoubtedly true, but it is true in every inmate case. The court's resources simply do not permit the appointment of counsel for the overwhelming majority of inmates engaged in civil litigation. And mental health concerns are, unfortunately, commonly alleged by inmate litigants in this district. I do not doubt the significance of plaintiff's mental health concerns, but they alone do not warrant appointment of counsel. The matter would be different if there were a large pool of attorneys willing and able to take on inmate section 1983 cases. Unfortunately, that is not the case. To date, plaintiff has

---

[2] I am unsure to which defendant this request was directed; the cover page is not provided.

proven himself capable of litigating on his own behalf. If he needs additional time to prepare or respond to filings, I am inclined to offer him reasonable extensions of time.

### Motion to Reopen Discovery

In the last pending motion, plaintiff moves to reopen discovery and argues that, after being allowed to view footage of the use of force incident, he has concluded that defendants may have perjured themselves in previous discovery responses. ECF No. 38 at 1. Plaintiff has not provided examples of the additional interrogatories or requests for production he would like to propound, or indicated how much additional discovery he seeks. I will deny this motion without prejudice to renewal. If plaintiff wishes to reopen discovery, he should state how many additional interrogatories or requests for production he intends and for which defendants.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion for leave to file a motion to compel, ECF No. 31, is DENIED.
2. Plaintiff's motion for reconsideration of voluntary counsel, ECF No. 37, is DENIED.
3. Plaintiff's motion to reopen discovery, ECF No. 38, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE