1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DURRELL ANTHONY PUCKETT,                    Case No.  2:23-cv-0210-JDP (P)

12                        Plaintiff,

13           v.                                   ORDER

14    DAVID CATLIN, *et al.*,

15                        Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18    Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

19    to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490

20    U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

21    voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1).  *Terrell v. Brewer*, 935 F.2d

22    1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25    se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

26    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

27    burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*  Circumstances

28    common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel, ECF Nos. 52 & 55, are denied without prejudice.

IT IS SO ORDERED.

Dated:    November 6, 2024     _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE