UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CATLIN, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-0210-DAD-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, brings this action alleging Eighth Amendment claims against defendants Kendall, Catlin, Simmons, Arnett, Rios, Katz, and Ericson. He also alleges that defendants Catlin and Kendall violated his rights under the Equal Protection Clause. Pending are plaintiff's three motions: (1) a motion for attorneys; fees, ECF No. 68; (2) a motion for speedy trial and settlement conference, ECF No. 70; and (3) a motion to expedite trial, appoint counsel, and compel, ECF No. 71. I will deny these motions.

**Motion for Attorneys' Fees**

Although his filings are difficult to understand, plaintiff appears to move this court for $36,000 for himself and the attorneys who have assisted him with the case. ECF No. 68. I will deny this motion as premature, as there has been no judgment entered in this case. *See Goodin v.*

1

*Innovative Tech. Solutions*, No. 06-00344-JMS-BMK, 2007 WL 1549485, at *1 (D. Haw. May 25, 2007) ("While the statute does not specify that motions for attorney's fees may only be filed after final judgment, numerous courts have found such motions premature."); *see also Gemini Ins. Co. v. Kukui'ula Dev. Co. (Hawaii), LLC.*, No. 10-00637 LEK, 2013 WL 1103338, at *1 (D. Haw. Feb. 28, 2013), *report and recommendation adopted sub nom. Gemini Ins. Co. v. Kukui'ula Dev. Co. (Hawaii), LLC.*, No. 1:10-CV-00637-LEK, 2013 WL 1103295 (D. Haw. Mar. 15, 2013) ("[W]here a plaintiff's claims remain undecided and judgment had not been entered, a motion for attorneys' fees is premature."). Additionally, pro se litigants are generally not entitled to attorneys fees, *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987), and if plaintiff is represented by counsel, counsel must make an appearance on the record. If plaintiff's counsel does not make their appearance on the record, they are not entitled to fees, either.

**Motion for a Trial Date or Settlement Conference**

Plaintiff also moves this court for a trial date or for a settlement conference. ECF No. 70. I issued the scheduling order in this case on February 28, 2025, in which I informed the parties that trial dates will be set following the adjudication of any dispositive motions. ECF No. 67 at 8. The deadline for filing dispositive motions is September 19, 2025, *id.* at 6, meaning plaintiff's request for a trial date is premature.

As to the settlement conference, defendants have already informed the court that they believe a settlement conference would be a "waste of resources." *See* ECF No. 21-1; *see also* Local Rule 271(b)(4) (voluntary consent of all parties necessary to set a settlement conference). In light of defendants' position, I will deny plaintiff's motion.

**Motion for Trial, Appointment of Counsel, & to Compel**

Plaintiff again moves this court for a trial date. ECF No. 71. For the reasons set forth above, I deny this request.

In the same motion, plaintiff requests appointment of counsel. *Id.* He generally asserts that he needs counsel to assist him. *Id.* at 1. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may ask an attorney to voluntarily represent

such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and I will deny his motion on this issue.

Finally, plaintiff moves to compel defendants to produce their body camera footage, asserting that defendants have not answered his discovery requests. ECF No. 71 at 1. Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial burden of establishing that its requests are relevant. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff did not provide a copy of his discovery requests, and as a result I cannot review the request to determine either whether plaintiff properly asked defendants for this information or whether it would be relevant. Plaintiff also did not state when he sent defendants his discovery requests. The scheduling order in this case allows the parties forty-five days to respond to written discovery requests. *See* ECF No. 67 at 5. It could very well be the case that plaintiff served discovery requests on defendants and that defendants still have time to respond. Without additional information, I cannot compel defendants to produce the video footage at this time. I will deny the motion.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's motion for attorneys' fees, ECF No. 68, is DENIED.

2. Plaintiff's motion for trial or a settlement conference, ECF No. 70, is DENIED.

3. Plaintiff's motion for trial, appointment of counsel, and to compel, ECF No. 71, is DENIED.

IT IS SO ORDERED.

Dated: April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE