1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DURRELL ANTHONY PUCKETT,                    Case No.  2:23-cv-0210-DAD-JDP (P)

12                    Plaintiff,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14    DAVID CATLIN, *et al.*,

15                    Defendants.

16

17

18          Plaintiff has filed a motion seeking permanent injunctive relief in the form of an order

19   mandating his transfer to another institution.[1]  ECF No. 74.  For the reasons described below, I

20   recommend that the motion be denied.

21          "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be

22   granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Lopez v.*

23   *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972

24   (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)

25   (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of

26   right").  Nonetheless, "federal courts must not shrink from their obligation to enforce the

27   _____

28        [1] Plaintiff filed an identical motion in *Puckett v. Moreno*, Case No. 2:22-cv-0650-JDP,
     ECF No. 97 (E.D. Cal).

1  constitutional rights of all persons, including prisoners," and must not "allow constitutional

2  violations to continue simply because a remedy would involve intrusion into the realm of prison

3  administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

4       A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the

5  merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the

6  balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555

7  U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant

8  compared with the burden on the government defendants if an injunction is ordered. *Id.* The

9  public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted).

10  Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional

11  rights." *Id.* (citation omitted).

12       Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction,

13  injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very

14  serious damage will result' that is not 'capable of compensation in damages,' and the merits of

15  the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting

16  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

17  Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be

18  narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C.

19  § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

20       Plaintiff argues that, since November 2024, he has been: sexually assaulted four times,

21  beaten, and, in the past four months, transferred seven times. ECF No. 74 at 1. He states that

22  correctional officers and nurses have (1) tampered with his mail, packages, and money; (2) called

23  him a rapist, sex offender, child molester, pervert, and "jack off artis[t]"; and (3) are going to set

24  him up for indecent exposure in order to get him killed, beaten, stabbed, or jumped. *Id.* He

25  argues that on April 5, he was sexually assaulted and beaten while wearing handcuffs. *Id.*

26  Plaintiff states that he needs to be transferred to either federal prison or state jail. *Id.* He argues

27  that all actions against him have been carried out at the behest of former warden Gena Jones. *Id.*

28

2

First and foremost, plaintiff seeks a permanent injunction. A permanent injunction may be granted only after a final hearing on the merits, *see MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . ."), and at this point, there has been no such final determination.

But even if the court were to construe plaintiff's request as one seeking preliminary injunctive relief, he has failed to identify the requisite factors set forth in *Winter*, 555 U.S. 7. Consequently, plaintiff has not met his burden of demonstrating that injunctive relief is warranted. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381).

Plaintiff's motion further fails to show that he has a likelihood of success on the merits of this complaint. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009) (noting that when a court concludes that a movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury). In the operative complaint, plaintiff alleges that correctional officers at a prison other than that where he is now housed violated his First, Eighth, and Fourteenth Amendment rights. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for permanent injunctive relief, ECF No. 74, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4